# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

June 19, 2018

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge**

DAVID F. HAMILTON, *Circuit Judge*

No. 16-1313

|  |  |
|---|---|
| ADAM DELGADO,<br>    *Petitioner*, | Petition for Review of a Decision of the<br>Merit Systems Protection Board. |
| *v.* | No. CH-1221-14-0737-W-1 |
| MERIT SYSTEMS PROTECTION BOARD,<br>    *Respondent*. | |

**O R D E R**

Upon consideration of respondent's petition for panel rehearing or rehearing *en banc* filed on March 29, 2018, the panel's opinion of January 29, 2018 is amended as stated below. In all other respects, both members of the original panel have voted to deny the petition for panel rehearing, and no judge in active service has requested a vote on the petition for rehearing *en banc*. Accordingly, in all other respects, the petition for panel rehearing or rehearing *en banc* is DENIED

The opinion shall be amended as follows:

New footnote at page 15 after the sentence, "Without a clear legal requirement for a copy of the original complaint, the Board's dismissal for failure to include a copy

---

* Circuit Judge Williams retired on January 16, 2018, and did not participate in the decision of this case, which is being resolved by a quorum of the panel under 28 U.S.C. § 46(d).

of the original complaint is arbitrary, capricious, and an abuse of discretion. See 5 U.S.C. § 7703(c)(1)." as follows:

In its petition for rehearing, the Board noted that Congress has prohibited it from directly obtaining records from OSC and prohibited OSC from releasing its records to the Board, including whistleblower complaints. It is not at all clear that the Board is correct. See 5 U.S.C. § 1212(b) (allowing federal agency to disclose record to another agency with written request or permission from person to whom record pertains). Even if the Board is correct, that would only exacerbate the "Catch-22" character of the administrative process for whistleblowers. Under this process, whistleblowers must present their OSC complaints to the Board to prove they presented identical claims to OSC, but the Board and OSC in this case provided no means for a whistleblower to do so. The petition for rehearing also argues that we have misunderstood the Board's requirements for proving administrative exhaustion by concluding that an appellant must provide a copy of the OSC complaint to the Board. In lieu of an OSC complaint, the Board asserts, an appellant may provide "any correspondence submitted to OSC, or an affidavit, sworn statement, or declaration under penalty of perjury." But Delgado did just that. He submitted a detailed, sworn declaration about the claim he presented to OSC, but the Board still found he had not exhausted administrative remedies at OSC.

The amended opinion is attached.